## AMERICAN INDEMNITY CO. et al. v. VENEGAS, et al. (No. 8207.)

Court of Civil Appeals of Texas. San Antonio. May 1, 1929.

Rehearing Denied May 29, 1929.

Cunningham, Moursund & Johnson and Kampmann & Burney, all of San Antonio, for appellants.

Norton & Brown, of San Antonio, for appellees.

FLY, C. J. Appellees, Donecano Venegas and Juana L. Venegas, instituted this action against the Merchants' Transfer Company, alleged to operate "busses" and automobiles for hire, in the transportation of passengers, in the city of San Antonio, and the American Indemnity Company, an insurance corporation, to recover damages arising by reason of an automobile of the Merchants' Transfer Company negligently running into an automobile in which appellees were riding and throwing the said Juana Venegas out of the automobile in which she was riding and inflicting and inflicting upon her serious and permanent injuries. It is only inferentially mentioned in the petition that appellees are husband and wife. It was alleged that appellant had insured the transfer company against loss arising from accidents in its business. The cause was tried by jury, and upon the answers to special issues submitted to them, judgment was rendered in favor of appellees for $5,000.

The jury found that the automobile of the transfer company, which collided with the automobile in which Juana Venegas was riding, was being driven, at the intersection of Frio and West Travis streets, in San Antonio, at a greater speed than 20 miles an hour, said speed being a high and dangerous rate, which was a proximate cause of the injuries to said Juana Venegas, and that such driving was negligence upon the part of the driver. It was also found that the driver failed to keep a proper lookout for persons and automobiles as he approached the intersection of the streets, which was also negligence and a proximate cause of the injuries to Juana Venegas. The jury found that neither of the appellees was guilty of contributory negligence, and that the damages incurred by Juana Venegas amounted to $5,000. Each of the defendants in the court below perfected an appeal. The facts sustain the findings of the jury.

■ There are three propositions submitted under the six assignments of error. The first proposition assails the action of the court in permitting the policeman Le Bona to testify to the number of the cab or car that was driven against the automobile of appellees, and identifying it and the driver. If the testimony of the policeman had been clearly inadmissible, it could not benefit appellants, for the reason that one Ernest D. Shelley testified for appellants, and admitted that he was driving a yellow cab with the number 55,273 on it, belonging to the transfer company, the same as was testified to by the policeman, and he gave his version of the collision. There was no issue as to the cab being the property of the transfer company and that it was being driven by Shelley and that the collision took place. The proposition by reason of other proof becomes purely academic. The first proposition is overruled.

■ There is no prejudice or passion on the part of the jury disclosed by the record. The facts show that Juana Venegas was strong and in good health before she received the injuries inflicted on her by being thrown from the car in which she was riding, by the automobile of the transfer company being negligently driven into and against the car of appellees, and that since that time she has been delicate and suffering with her spine. The attending physician swore that her spine was injured and that it was a permanent injury. He treated her for about a month and found her exceedingly nervous, which was probably the result of her injuries. There was other testimony showing the same facts. Five thousand dollars is not excessive for the damages received by Juana Venegas. The second proposition is overruled.

■ The third proposition is without merit. At the time of the collision the automobile was being driven by an employé of the transfer company in the due course of his employment. He was going from the office of the transfer company to the station of the Missouri Pacific Railway Company, acting under the orders and for the benefit of his employer. Appellants proved that the cab belonged to the Merchants' Transfer Company and was being driven by its servant, agent, or employé at the rate of 20 or 25 miles an hour; and Hart, witness for appellants, swore that the driver was about the middle of Travis street on his way towards the depot when the collision took place. Leon Kravitz, a witness for appellants, swore that he and Shelley were sent to the Missouri Pacific Station and he witnessed the accident. There was no doubt about Shelley being the employé of the Merchants' Transfer Company. The injuries were caused by the wrongful act, neglect, and carelessness of Shelley, the servant or agent of the transfer company, and the latter was liable for his acts within the course of his employment. One witness swore that the driver was moving at the rate of 40 or 45 miles an hour when he was about 100 feet from the intersection of Travis and Frio street and did not slow up when the intersection was reached and made no effort to swerve around appellees' automobile. The facts indicate a reckless disregard of others on the streets, and the employer is liable for it.

The judgment is affirmed.